UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS BARNES, #701228,

    Petitioner,                              Case No. 10-cv-15163

v.                                      HONORABLE STEPHEN J. MURPHY, III

CINDI CURTIN,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Marcus Barnes, currently confined at the Oaks Correctional Facility in Manistee, Michigan, challenges the constitutionality of his conviction. Barnes pleaded no contest to second-degree murder and possession of firearm during the commission of a felony in the Oakland County Circuit Court and was sentenced to 20 to 40 years imprisonment on the murder charge, plus a consecutive term of two years imprisonment on the gun charge.[1] Barnes alleges that he is entitled to habeas relief because: 1) he was seized in violation of his Fourth Amendment rights and his subsequent police statement was inadmissible; and 2) his plea was involuntary as it was based upon an unfulfilled promise of leniency made by trial counsel. Having reviewed the petition, the Court concludes that Barnes has not properly exhausted his state court remedies and dismisses the petition without prejudice.

**BACKGROUND FACTS**

Barnes states that he moved to withdraw his plea of no contest after sentencing, but

---

[1] Barnes does not indicate whether his plea was conditional or unconditional.

the trial court denied his motion. Barnes filed a delayed application for leave to appeal with the Michigan Court of Appeals raising his involuntary plea claim. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Barnes*, No. 294304 (Mich. Ct. App. Oct. 28, 2009). Barnes then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Barnes*, 485 Mich. 1104 (Feb. 26, 2010).

This petition followed.

## DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise in the state courts each issue he seeks to present in a federal habeas proceeding. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues – not merely as issues arising under state law. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) ("In the Sixth Circuit, a habeas petitioner normally must present his claim

2

to the state's highest court in order to exhaust state remedies under 28 U.S.C. § 2254."). The petitioner has the burden of proving exhaustion. *Rust*, 17 F.3d at 160.

Barnes has not met his burden of demonstrating exhaustion of state court remedies. He concedes that he did not present his first habeas issue concerning an alleged Fourth Amendment violation to the Michigan appellate courts. Barnes has thus failed to properly exhaust one of his two habeas claims in the state courts before proceeding on federal habeas review. Barnes has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issue in the state appellate courts as necessary.

Generally, a federal district court should dismiss so-called "mixed" petitions for writ of habeas corpus, that is, those containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds no reason to excuse the failure here.

A federal district court has discretion to stay a mixed habeas petition to allow a

petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

There is no basis for staying the petition in this instance. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses no problem for Barnes. The limitations period began running on May 28, 2010, 90 days after the conclusion of Barnes' direct appeal. See *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). While the period is not tolled upon the filing of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), the period will be tolled during the time in which any properly filed state post-conviction or collateral action remains pending. See 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002) (holding that post-conviction application is "pending" for purposes of statutory tolling during interval between lower court's entry of judgment and timely filing of notice of appeal (or petition for review) in the next court); *Parker v. Johnson*, 988 F. Supp. 1474, 1476 (N.D. Ga. 1998) (holding that remainder of limitations period is tolled on *all* claims, both exhausted and unexhausted, while properly filed application for state post-conviction relief remains pending). As of today, seven months have run on the limitations period. Provided that Barnes is diligent and properly files a post-conviction or collateral action in state court raising his unexhausted claim, he will stop the clock and leave himself plenty of time to re-file his habeas petition, should it be necessary, within the running of the one-year statute

4

of limitations.

Nor has Barnes shown good cause for failing to exhaust his claims in the state courts before proceeding on federal habeas review. *See Rhines*, 544 U.S. at 277. Although he blames defense counsel for failing to properly raise issues on direct appeal, he has not explained why he failed to present those claims to the state courts on collateral review. A stay is not warranted.

Barnes' unexhausted claim concerns a matter of federal law which should be addressed to, and considered by, the state courts in the first instance. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted claim, such action would deny the state courts the deference they are entitled. The state courts must first be given a fair opportunity to rule upon all of Barnes' claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard of habeas review found at 28 U.S.C. § 2254.

Should Barnes wish to withdraw the unexhausted claim and proceed only on the exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the merits of any of his claims at this time.

Before Barnes may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural

grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court declines to issue a certificate of appealability.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED THAT** the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 14, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 14, 2011, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager